JOSEPH STAFFORD, PROSECUTOR, v. E. W. GARRETT, ACTING COMMISSIONER OF ALCOHOLIC BEVERAGE CONTROL OF THE STATE OF NEW JERSEY, RESPONDENT.

Submitted January 20, 1942—Decided February 28, 1942.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Clifford A. Baldwin*.

For the respondent, *Emerson A. Tschupp*.

The opinion of the court was delivered by

PORTER, J. The prosecutor's tavern license was suspended by an order of the Acting Commissioner of Alcoholic Beverage Control after he was found guilty of possessing and permitting in his licensed tavern a machine in violation of regulations of the said Bureau. The legality of that order is the question for our determination.

The regulations in question are as follows:

"7. No licensee shall engage in or allow, permit or suffer any pool-selling, book-making or any playing for money at faro, roulette, rouge et noir or any unlawful game or gambling of any kind, or any device or apparatus designed for any such purpose, on or about the licensed premises.

"8. No licensee shall possess, allow, permit or suffer on or about the licensed premises any slot machine or device in the nature of a slot machine which may be used for the purpose of playing for money or other valuable thing."

The prosecutor had in his tavern a machine known as "The Mills 1-2-3." It is similar to a bagatelle or pin ball game

and is electrically controlled. A nickel is placed in a slot and a ball is made available for play, it is propelled up an incline and registers a score in the course of its travel. After the ball is put in motion it is beyond the control of the player. If a certain score is made the privilege of playing free games is awarded. The machine contains no cup into which money, tokens or anything of value is ejected.

The prosecutor argues that the proofs did not establish that the machine was either a device in the nature of a slot machine possessed in violation of rule 8 or a device designed for gambling purposes permitted on the licensed premises in violation of rule 7. We think that the proofs do establish a violation of the said regulations. The slot machine in question comes clearly within our holding in *Hunter* v. *Teaneck*, 128 *N. J. L.* 164.

The writ will be dismissed, with costs.